UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
************************
THOMAS E. PEREZ, Secretary of Labor,      *
United States Department of Labor,        *
                              Plaintiff,  *
                                          *   CIVIL ACTION
v.                                        *
                                          *   FILE NO. 1:12-cv-11997-NMG
BOSTON HIDES & FURS, LTD.,                *
ANTHONY ANDREOTTOLA,                      *
ANGELO ANDREOTTOLA and                    *
ANTONIETTA ANDREOTTOLA PARISI,            *
                                          *
                              Defendants. *
************************
```

## CONSENT JUDGMENT AND ORDER

Plaintiff has filed a complaint and defendants have appeared, received a copy thereof, waived service of process, and filed an answer. The parties do now agree to resolve all matters in controversy in this action, and do, therefore, agree to the entry of this judgment by the Court.

It is, therefore, ORDERED, ADJUDGED and DECREED that defendants Boston Hides & Furs, Ltd. and Anthony Andreottola, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in the following manner:

Defendants Boston Hides & Furs, Ltd. and Anthony Andreottola shall not, contrary to sections 6 and 15(a)(2) of the Act pay any employee who, in any workweek, is employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce

or in the production of goods for commerce, as defined by the Act, wages at less than the applicable minimum wage.

Defendants Boston Hides & Furs, Ltd. and Anthony Andreottola shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed or unless such employee is exempt from the overtime requirements of the Act, pursuant to Section 13 of the Act.

Defendants Boston Hides & Furs, Ltd. and Anthony Andreottola shall not fail to make, keep, and preserve accurate records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R. Section 516.

Defendants Boston Hides & Furs, Ltd. and Anthony Andreottola shall not, contrary to section 15(a)(1) of the Act, transport, offer for transportation, ship, deliver, or sell in commerce, as defined by the Act, or ship, deliver or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods in the production of which any employees were employed at rates of pay less than those provided by sections 6 or 7 of the Act.

Defendants Boston Hides & Furs, Ltd. and Anthony Andreottola shall not, contrary to section 15(a)(3) of the Act, discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any

proceeding under or related to the Act, or has testified or is about to testify in any such proceeding.

Further, defendants Boston Hides & Furs, Ltd. and Anthony Andreottola, recognizing the benefit of compromise and of avoiding the burden, delay and cost of litigation, neither admit nor deny the allegations of the Complaint. Absent resolution of this matter by means of this consent judgment, plaintiff would have asserted that the doctrine of equitable tolling applies to the remedies sought in the complaint, and defendants would have denied that the doctrine applies here. The parties acknowledge that this Consent Judgment does not constitute an adjudication on the merits as to any claim or defense, asserted or unasserted, or as to any issue of fact or law. In order to reach a final resolution of this matter, defendants Boston Hides & Furs, Ltd., and Anthony Andreottola agree to the Court finding that certain employees identified in Exhibit A to the Complaint are due compensation in the aggregate amount of $925,000.00, which is inclusive of (1) $412,500.00 in minimum wage and overtime payments due with respect to the period up to and including May 9, 2012; (2) $412,500.00 in liquidated damages due with respect to the period up to and including May 9, 2012; and (3) for each of the ten (10) employees alleged in Paragraph XII of the Complaint in this matter to have been unlawfully discharged, $5,000.00 per employee for compensatory damages plus $5,000.00 per employee for punitive damages for a total of $100,000.00 in compensatory and punitive damages; all as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the defendants Boston Hides & Furs, Ltd. and Anthony Andreottola are restrained from withholding payment of said minimum wage and overtime compensation, and are ordered to pay said liquidated, compensatory, and punitive damages.

667750.8                                3

Defendants Boston Hides & Furs, Ltd. and Anthony Andreottola represent that they have been in compliance with the Act since May 12, 2012. In resolving the amount of compensation due in this Consent Judgment and Order, the plaintiff has relied on this representation, and, accordingly, the back wage provisions of this Consent Judgment and Order, inclusive of back wages and liquidated damages, pertain only to back wages which are owed for the period of employment of the employees listed in Exhibit A through May 12, 2012 and shall have no effect upon any amounts which may be due on account of violations, if any, that have been committed since May 12, 2012.

To comply with the payment provisions contained in this Consent Judgment and Order, defendants Boston Hides & Furs, Ltd. and Anthony Andreottola shall, on or before the dates set forth in this paragraph, deliver the following checks on or before the following dates to the U.S. Department of Labor, Wage and Hour Division, Boston District Office, JFK Federal Building, Room 525, 25 New Sudbury Street, Boston, MA, 02203 Attn.: George Rioux:

(A) On or before seven (7) business days after the Court enters this consent judgment in this matter, net checks, payable to the employees listed in Exhibit A, derived from the gross amount of $375,000 in liquidated damages allocated to the employees listed in Exhibit A, less deductions for applicable Federal withholding tax, if any;

(B) On or before October 21, 2013: net checks, payable to the employees listed in Exhibit A, derived from the gross amount of $300,000, which represents the remainder of the liquidated damages in the amount of $37,500, plus $162,500 in minimum wage and overtime back wages, plus $100,000 in compensatory and punitive damages, allocated to the employees listed in Exhibit A, less deductions for the employees' share of social security and Medicare taxes, Federal income tax withholding and State income tax withholding with respect to $162,500 in

minimum wage and overtime back wages, and less deductions for other applicable Federal withholding tax, if any, with respect to $37,500 in liquidated damages and the $100,000 in compensatory and punitive damages;

(C) On or before December 31, 2013: net checks, payable to the employees listed in Exhibit A, derived from the gross amount of $250,000, which represents the remainder of the minimum wage and overtime back wages allocated to the employees listed in Exhibit A, less deductions for the employees' share of social security and Medicare taxes, Federal income tax withholding and State income tax withholding; and

(D) On or before January 21, 2014, a check in the amount of $50,000 which represents civil money penalties pursuant to Section 16(e) of the Act, which payment is further described below.

The amounts deducted from the back wages sums and other settlement amounts listed in Exhibit A, for the employees' share of social security and Medicare, Federal income tax withholding and State income tax withholding, and for other applicable Federal withholding tax, if any, respectively, shall be paid by defendants Boston Hides & Furs, Ltd. and Anthony Andreottola to the appropriate Federal and State revenue authorities, and shall be reported on I.R.S. Forms W-2 and I.R.S. Forms 1099, as appropriate, in the name of each individual listed on Exhibit A, in care of Audrey Richardson, Esq. at her business address.

Defendants Boston Hides & Furs, Ltd. and Anthony Andreottola provided the Secretary with a schedule showing the following: Employer's Federal ID number, the names of the employees in Exhibit A, the gross amount of each installment due to each employee, the amount of each deduction made for the employee's share of FICA, income tax withholding and any other applicable withholding tax, and the net amount of each installment due to each employee.

When recovered back wages or damages paid pursuant to this Consent Judgment and Order have not been claimed by any employee within three years, because of inability to locate such employees or because of such employee's refusal to accept such sums, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

On or before January 21, 2014, defendants Boston Hides & Furs, Ltd. and Anthony Andreottola shall pay to plaintiff a civil money penalty in the amount of $50,000 pursuant to § 16(e) of the Act. Said payment shall be made by certified check or money order made payable to "Wage and Hour Division, U.S. Department of Labor," and containing on the check or money order a notation "Case File # 1647136." Said payment shall be mailed to the Northeast Regional Office, The Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106-3317.

Defendants Boston Hides & Furs, Ltd. and Anthony Andreottola shall not, under any circumstances, accept and keep any amount returned to them by a person owed back wages or damages under this Consent Judgment and Order. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated  Sept. 25,          , 2013.

                                        *Nathaniel M. Gorton*
                                        Nathaniel M. Gorton
                                        United States District Judge

| Defendants hereby consent to the entry of this judgment. | Plaintiff moves for entry of this judgment: |
|---|---|
| By _____ Boston Hides & Furs, Ltd. | M. Patricia Smith<br>Solicitor of Labor<br><br>Michael Felsen<br>Regional Solicitor |
| By _____ Anthony Andreottola | *James Glickman*<br>James Glickman<br>Senior Trial Attorney |
| By _____ Angelo Andreottola | Scott Miller<br>Trial Attorney<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff |
| By _____ Antonietta Andreottola Parisi | |

667750.8                          7